IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LEONA KILGORE      PLAINTIFF

V.      CASE NO. 1:04CV374

PEOPLES BANK AND TRUST COMPANY et al      DEFENDANTS

## ORDER

This cause comes before the Court on cross-motions for summary judgment [29-1;30-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

This suit arises from a denial of disability benefits under the Employee Retirement Income Security Act of 1974, § 502, 29 U.S.C. § 1132 ("ERISA"). The plaintiff is Leona Kilgore, a resident of Stewart, Mississippi who is the claimant who filed the disability claim under the insurance plan offered by her employer. The defendants include: (1) the People's Bank & Trust Company ("People's Bank"), a Mississippi corporation which served as Kilgore's employer and as the Plan Administrator, and (2) UNUM Life Insurance Company of America ("UNUM"), a Maine corporation which served as insurer for People's Bank.

On September 30, 2004, UNUM denied Kilgore's claim for disability benefits. The complaint alleges that this final decision was unsupported by substantial evidence and was arbitrary and capricious. The complaint prays for (1) review and reversal of the final decision of the plan administrator and insurer, (2) remand for payment of benefits, (3) costs for maintaining this action, and (4) such other relief as is just and equitable. Both the plaintiff and the defendants have filed motions for summary judgment.

The central conflict between the cross-motions for summary judgment lies in the differing standards of review that the parties urge the Court to apply – Kilgore argues that she is entitled to

de novo review, while the defendants claim that abuse of discretion applies. Having reviewed the relevant authority, the Court agrees with the defendants.

According to the Fifth Circuit's ERISA precedent, this Court must review all factual determinations by the plan administrator under an abuse of discretion standard. See generally Pierre v. Connecticut General Life Ins. Co., 932 F.2d 1552 (5th Cir. 1991)("[F]or factual determinations under ERISA plans, the abuse of discretion standard of review is the appropriate standard"); Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 100-01 (5th Cir. 1993); Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 597-98 (5th Cir. 1994); Vercher v. Alexander & Alexander, Inc., 329 F.3d 222, 226 (5th Cir. 2004). In this context, the abuse of discretion standard is satisfied when there is "concrete evidence" to support the plan administrator's decision or there is a "rational connection" between the evidence in the record and the final decision. Vega v. National Life Ins. Co., 188 F.3d 287 (5th Cir. 1999)(en banc); Meditrust Financial Services Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 215 (5th Cir. 1999). De novo review applies only to the plan administrator's construction of the meaning of the plan terms or the benefit entitlement provisions, and even then, only where the plan administrator lacks discretionary authority in those areas. Vercher, 329 F.3d at 226.

Furthermore, in reviewing the plan administrator's decision, the Court may not consider evidence outside the administrative record. Vega, 188 F.3d at 300. Also, the administrative record cannot be supplemented after suit is filed. Id. Finally, the Court may not consider whether the Social Security Administration considers the claimant to be disabled, as the Administration is governed by different rules. Black & Decker Disability Plan v. Nord, 538 U.S. 822, 832-33, 1123 S.Ct. 1965, 1970-71, 155 L.Ed.2d 1034 (2003).

In support of the plan administrator's decision, the defendants have submitted the entire

administrative record.  In a nutshell, while the record does acknowledge that Kilgore suffers from persistent back problems (aggravated by an accident in February of 2002) and does suffer some physical limitations, those limitations, in the opinion of the plan administrator, did not render her incapable of performing her previous duties as a branch manager for People's Bank.  Accordingly, under the plain language of the plan, Kilgore is not disabled and is not entitled to disability benefits.

Kilgore has little admissible evidence to offer in response.  Her argument in favor of de novo review is plainly contradicted by Fifth Circuit precedent, as is her insistence that this Court can consider the testimony of additional doctors and an affidavit from Kilgore herself, none of which was part of the administrative record.  Ultimately, Kilgore's argument is simply that the plan administrator failed to properly understand the severity of her pain and how it would prevent her from properly performing the duties of a branch manager.  That may be true, but it does not affect the limitations under which this Court must operate.  Viewing the administrative record as a whole, the Court is persuaded that there is concrete evidence to support the plan administrator's finding that, under the existing plan, Kilgore is not disabled and is not entitled to disability benefits.

**ACCORDINGLY**, it is hereby **ORDERED** that:

1. the defendants' motion for summary judgment [29-1] is **GRANTED**;

2. the plaintiff's motion for summary judgment [30-1] is **DENIED**; and this case is hereby **closed**.

This is the 12th day of July, 2006.

                  /s/ Michael P. Mills
                **UNITED STATES DISTRICT JUDGE**